IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY L. BLANKENSHIP, | ) | |
| Plaintiff, | ) | 4:06cv3117 |
| vs. | ) | MEMORANDUM AND ORDER |
| DR. BAGLEY, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 33, the defendants' Motion to Consolidate Case Nos. 4:06cv3111 and 4:06cv3117; (2) filing no. 36, the defendants' Motion for Summary Judgment; (3) filing no. 39, the defendants' Motion for a Stay Pending a Decision on the Motion for Summary Judgment; and (4) filing no. 44, the plaintiff's Motion to Continue the defendants' Motion for Summary Judgment until the defendants cooperate in discovery. The plaintiff, Gary L. Blankenship, is represented by court-appointed counsel, Matthew T. Knoblauch, Esq.

As a preliminary matter, filing no. 33 has become moot because the court dismissed Case No. 4:06cv3111 for the same reason that the defendants moved to consolidate that case with the above-entitled matter. Case Nos. 4:06cv3111 and 4:06cv3117 were essentially the same. Therefore, filing no. 33 is denied as moot, even though the defendants received the equivalent of the relief they sought in their motion.

In their Motion for Summary Judgment (filing no. 36), the defendants contend that the plaintiff violated the requirements of the Prison Litigation Reform Act ("PLRA") by failing to exhaust the prison administrative grievance process concerning his claims. In filing no.

1

39, the defendants ask the court to stay all discovery pending the outcome of their Motion for Summary Judgment.  However, in filing no. 44, the plaintiff's attorney states that the defendants have failed to comply with his requests for production of relevant documents, namely discovery of the relevant grievance file.

The defendants have referred the court to no privilege applicable to the withheld documents and no basis in law for staying discovery pending a determination of exhaustion of administrative remedies under the PLRA.  More important, the defendants may not file a dispositive motion asserting that no factual issues remain for trial and at the same time deny the plaintiff access to the facts.

The plaintiff's request that the court decline to consider the motion for summary judgment until after the plaintiff has had the opportunity to conduct discovery relevant to the motion seems quite reasonable.  Therefore, the defendants' motion for summary judgment will be denied, without prejudice to reassertion after the plaintiff has completed discovery on the issue of exhaustion of remedies, and after the defendants have fully cooperated in that discovery.

THEREFORE, IT IS ORDERED:

1. That filing no. 33, the defendants' Motion to Consolidate Case Nos. 4:06cv3111 and 4:06cv3117, is denied as moot;

2. That filing no. 36, the defendants' Motion for Summary Judgment, is denied as premature, without prejudice to reassertion after the plaintiff has completed discovery on the issue of exhaustion of remedies, and after the defendants have fully cooperated in that discovery;

3. That filing no. 39, the defendants' Motion for a Stay Pending a Decision on

the Motion for Summary Judgment, is denied; the defendants have pointed to no legal basis for the stay, and a party may not file a summary judgment motion asserting that no factual issues remain for trial and at the same time deny another party access to the facts through a stay of discovery; and

      4.      That filing no. 44, the plaintiff's Motion to Continue the defendants' Motion for Summary Judgment, is granted in part and denied in part; the summary judgment motion need not be postponed because it has been denied until completion of the relevant discovery.

      DATED this 12th day of March, 2007.

                                BY THE COURT:

                                s/Joseph F. Bataillon
                                JOSEPH F. BATAILLON
                                Chief District Judge