IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY L. BLANKENSHIP, | ) | 4:06CV3117 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JOHN BAGLEY AND JOHN CASEBOLT, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment, Filing No. 56, and plaintiff's motion to strike evidence submitted in support of defendant's motion for summary judgment, Filing No. 66. This is an action by an inmate for deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He alleges he has been placed in a cell for the mentally disturbed in retaliation for filing grievances and lawsuits against prison officials and that he has been denied basic necessities.

Defendants contend that plaintiff has failed to exhaust his administrative remedies. In support of its motion, it submits the affidavit of Dennis Bakewell, warden of the Nebraska State Penitentiary ("NSP"). Filing No. 58, Part 2, Exhibit ("Ex.") 1 ("Bakewell Aff.").[1] In the affidavit, Bakewell outlines grievance procedures and states that he is the custodian of Blankenship's inmate file, that the NSP maintains records of inmate grievances, and that

---

[1] Citations to the record are to the court's Case Management/Electronic Case Filing ("CM/ECF") system, as accessed though the filing number link, and to the numbered "Parts," following the main document within that link. For example, Filing No. 15, Part 3 at 4 (indicating the page number of the PDF document therein). If the document is otherwise identified, and its pages are numbered differently, a parallel citation to the document and page will be provided. The filing number and part number appear on the system-generated header of the document in the following format: "Document #: filing # - part #" (e.g., "Document #: 21-4").

there are no step-two grievances submitted by Blankenship in connection with the issues involved in this action. *Id.*, Bakewell Aff. at 1-3. In opposition to the motion, plaintiff has submitted evidence that shows that he was prevented from utilizing the prison's administrative remedies because he was subject to a correspondence restriction that limited him to two informal grievances per week. Filing No. 65, Part 2, Ex. 1, Defendants' Response to Request for Production, Informal Grievance Form (returning grievance unanswered).

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Harder v. ACANDS*, Inc., 179 F.3d 609, 611 (8th Cir.1999). Once a party has filed a motion for summary judgment, the burden shifts to the nonmoving party to "go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Planned Parenthood of Minnesota/ South Dakota v. Rounds,* 372 F.3d 969, 972 (8th Cir. 2004) (quoting *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992)). A dispute is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment. *Id.* In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

Administrative exhaustion is an affirmative defense that defendants have the burden to plead and prove. *Jones v. Bock,* — U.S. —, — , 127 S. Ct. 910, 919-22 (2007). Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before

2

a civil action can be brought with respect to prison conditions. *See Nixon v. Sanders,* 2007 WL 2349344, *1 (8th Cir. August 17, 2007) (unpublished opinion); *Porter v. Nussle,* 534 U.S. 516, 524 (2002) (holding that federal inmates must first exhaust administrative remedies when suing under *Bivens).* This provision "does not require exhaustion of all remedies; it requires the exhaustion of 'such administrative remedies as are available.'" *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001). "A remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)." *Id.* (noting that a prisoner's allegations that prison officials denied his requests for grievance forms could raise inference that he was prevented from utilizing prison's administrative remedies).

The court finds the evidence submitted by Blankenship creates a genuine issue of material fact on the issue. Defendants have not sustained their burden of showing that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Accordingly, the court finds the defendants' motion for summary judgment should be denied. Resolution of this issue renders the plaintiff's motion to strike moot.

IT IS ORDERED:

1. Defendants' motion for summary judgment (Filing No. 56) is denied.

2. Plaintiff's motion to strike (Filing No. 66) is denied as moot.

DATED this 8th day of November, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge