IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY L. BLANKENSHIP, ) | 4:06CV3117 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| JOHN BAGLEY AND JOHN ) | |
| CASEBOLT, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motion for summary judgment, Filing No. 72. This is an action by an inmate, originally brought pro se, for deprivation of constitutional rights, under 42 U.S.C. § 1983. In its order on initial review under 28 U.S.C. § 1915A, this court noted that plaintiff alleged that he had been "placed in a cell for the mentally disturbed in retaliation for filing grievances and lawsuits against prison officials and that he has been denied basic necessities, in violation of the Eighth Amendment to the United States Constitution." Filing No. 12, Order at 1. The court later appointed counsel. Filing No. 19.

Defendants filed a motion for summary judgment on February 13, 2007, asserting that plaintiff had not exhausted his administrative remedies. Filing No. 36. The motion was denied as premature, without prejudice to its reassertion after discovery. Filing No. 50. Defendants filed a renewed motion for summary judgment on June 6, 2007, again asserting only that plaintiff had failed to exhaust administrative remedies.[1] Filing No. 56. In their report on the parties' Rule 26 planning meeting, the parties agreed that the discovery

---

[1] In its brief in support of its motion to stay discovery pending resolution of that motion, defendants asserted that "the dispositive motion and the accompanying brief of the Defendants challenges the legal sufficiency of the Plaintiff's Complaint, demonstrating there are not sufficient non-conclusory factual allegations to proceed against the Defendants." Filing No. 40, Brief at 2. A careful review of the motion and supporting brief shows that such is not the case. *See* Filing Nos. 36, 37, 56 & 57. Both motions were argued only on the ground of failure to exhaust administrative remedies. *See id.*

necessary to determine whether to file summary judgment motions could be completed by May 12, 2007.  Filing No. 35.  Discovery is now closed.  *See* Filing No. 63, Order Setting Schedule for Progression of a Civil Case.

In their motion for summary judgment, defendants assert that plaintiff has failed to allege any specific acts of conduct by defendants Casebolt and Begley and that the "Complaint remains entirely silent as to any acts or conduct by Defendants that could have violated Plaintiff's rights under § 1983," noting that "neither of the Defendant's names appear in the body of the Plaintiff's Complaint."  Filing No. 73, Brief at 2.  Defendants have not submitted any evidence in support of their motion.

Plaintiff's complaint was filed *pro se* on a form supplied by the United States District court clerk for that purpose.  Filing No. 1, Complaint.  In the complaint, defendants are identified as doctors employed at Nebraska State Penitentiary.  *Id.* at 2.  Plaintiff alleges that he was "brought to the prison hospital and put in a cell for the mentally disturbed" and denied basic necessities.  *Id.* at 5.  He further alleges that the harm he suffered included "a staph infection, mental stress and nervousness."  *Id.* at 6.  Also, numerous alleged medical complaints are identified in pleadings filed by the plaintiff before counsel was appointed to represent him.  *See, e.g.,* Filing Nos. 24 and 30.

After counsel was appointed in this case, the parties agreed that there was no need for amended pleadings.  *See* Filing No. 35, Report of Rule 26(f) Planning Meeting at 3.  In their answer, defendants admit that they are, respectively, a doctor and a physician's assistant employed by the Nebraska Department of Corrections.  Filing No. 32.  Answer at 1.  Defendants concede in their brief in support of this motion that it is uncontroverted that the plaintiff was brought to the hospital at the Nebraska State Penitentiary and put in a cell for the mentally disturbed.  Filing No. 73, Brief at 1.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact

2

and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "'showing,' rather than a blanket assertion, of entitlement to relief" is required in order to give the defendant fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, —, 127 S. Ct. 1955, 1964 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (quoting *Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1964). In addition, "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson,* — U.S. at —, 127 S. Ct. at 2200 (internal citation omitted) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Under the circumstances of this case, the court finds that the defendants have had fair notice of the claims against them. The defendants have not submitted evidence that shows that they are entitled to judgment as a matter of law on plaintiff's claims.[2] Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is denied.

DATED this 19th day of November, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge

---

[2]Also, the court notes that defendants' motion was made on the eve of trial and there is nothing to indicate that the issue could not have ben raised earlier.